*M. MARRERO, S*

Robert M. Dombroff
Timothy J. Stephens
John P. Son
BINGHAM McCUTCHEN LLP
339 Park Avenue
New York, New York 10022-4689
(212) 705-7000
Attorneys for Plaintiff

John L. Gardiner
Jonathan L. Frank
Elizabeth A. Hellmann
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
Attorneys for Defendant

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-28-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WEISS FAMILY ART (BACON) LLC,          Case No. 09-Civ-2598 (VM) (DFE)

                                  :

                    Plaintiff,        "ECF Case" "Electronically Filed"

                                  :

        - against -                

                                  :

CHRISTIE'S INC.,

                                  :

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND PROTECTIVE ORDER

**THIS MATTER** having come before the Court on joint submission by the parties

seeking entry of a protective order embodying the parties' stipulation and agreement concerning

the production and disclosure of confidential documents, testimony, interrogatory answers, and

other confidential information in the above-captioned action (the "Litigation"); and the Court

having considered the parties' application; and good cause having been shown;

**IT IS ORDERED** that:

1.     This Stipulation and Protective Order shall govern the production, use or

disclosure of documents or other information designated by any party as "Confidential Material"

during the course of the Litigation and after its final disposition, by order, judgment, settlement,

or otherwise.

### Definitions

2.     For the purposes of this Stipulation and Order,

(a)     "Discovery Material" encompasses, but is not limited to: any type of
document, transcripts of testimony, any taped, recorded, filmed, electronic,
written or typed matter, including the originals and all marked copies,
whether different from the original by reason of any notation made on such
copies or otherwise; all deposition testimony; any document or information
contained in any documents produced or generated in connection with this
action as well as Rule 26 disclosures, answers to interrogatories, document
requests, and requests for admission, including all responses thereto; any
responses or disclosures made pursuant to any other discovery device; and
any physical objects or other items or any other information gained by
inspection of any tangible thing, including data or code stored in electronic
form.

(b)     "Confidential Information" shall mean Discovery Material that contains
trade secrets, proprietary business information, confidential research,
development, or other financially or commercially-sensitive information, the
public disclosure of which may adversely affect the commercial, business, or
financial position or operations of the producing party or the person or entity
from whom such material was obtained, sensitive personal information,
and/or other confidential information that the parties in good faith designate
as confidential. Confidential Information includes, but is not limited to, all
financially or commercially-sensitive information regarding a party's
investments, business, business plans, investors, counterparties, customers,
suppliers, strategies, trade secrets, operations, trading style, positions,
financing terms, prime brokerage terms, risk data, corporate structure,
records, finances, assets, employees, technology, data and/or information
that reveals the processes, methodologies, technology or know how by
which a party's existing or future investments, products, services,

2

applications and methods of operation are developed, conducted or operated, and other information that would be apparent to a reasonable person, familiar with business and the industry in which it a party operates, to be of a confidential or proprietary nature the maintenance of which is or would be important to the party.

(c) "Confidential Legend" shall mean a stamp or similar insignia stating "Confidential."

(d) "Designated Discovery Material" shall mean Discovery Material designated as "Confidential Information" pursuant to this Stipulation and Protective Order, as well as the contents of such Discovery Material.

## Applicability

3.     This Stipulation and Protective Order shall govern any and all Discovery Material produced by any party currently named or later joined in the Litigation, including, in the case of parties other than individuals, their officers, directors, employees and agents.

4.     Any Discovery Material, and the information contained in such material (including extracts and summaries derived from such material), shall be used solely for prosecuting, defending and/or appealing the Litigation and shall not be used for any other purpose or be revealed to parties or counsel in any action other than the Litigation, unless the Court otherwise directs or the producing party otherwise agrees or unless otherwise permitted under the terms of this Stipulation and Protective Order.

5.     This Stipulation and Protective Order shall be fully applicable to material produced by or depositions taken of third parties and non-parties, and any third party from whom discovery is sought shall be permitted to designate material and testimony produced as Confidential Information pursuant to the terms of this Stipulation and Protective Order.

## Designation of Discovery Material as Confidential

6.     Parties may designate any Discovery Material as Confidential Information by applying to it the legend "Confidential" at the time of production, or by sending written

3

notification of the designation to opposing counsel at or before the time of production. Any such Confidential Legend shall be affixed in such a manner that the content of the written Discovery Material is not obscured. Any Discovery Material designated as Confidential shall thereafter be subject to and handled in accordance with the appropriate provisions of this Stipulation and Protective Order.

7.      In the case of data stored in electronic form, the Confidential Legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored. The "Confidential" designation shall also be printed on each page of the electronically stored information.

8.      Any document subject to the data privacy laws of the European Union or the United Kingdom may be designated as "Confidential"; provided, however, that such designation shall not apply to copies or other iterations of such documents that are located in the United States or are otherwise outside the reach of said data privacy laws, unless such copies or iterations have independent grounds for designation as "Confidential" and the copies or iterations are marked as such.

9.      A party making Discovery Material available for inspection, however, shall not have to apply a Confidential Legend to those materials until such time as a party requests copies, if that ever occurs. During the period when Discovery Material is made available for inspection but is not designated, it shall be treated as Confidential Information.

10.      With respect to testimony or deposition transcripts, the designating party may designate the testimony as Confidential at the time the testimony is taken by stating on the record that the testimony is Confidential Information. Testimony about any document that has been previously marked or designated Confidential Information in accordance with this Stipulation

and Protective Order shall be deemed Designated Discovery Material without further designation. The deponent shall be instructed that, pursuant to this Stipulation and Protective Order, he/she may not disclose information contained in any such document to anyone other than the attorneys for the parties, and/or his/her own attorneys. All portions of the transcripts of deposition testimony and related exhibits that refer to or contain Confidential Information shall be treated as Designated Discovery Material. The designating party shall direct the court reporter to separately bind and insert a Confidential Legend on all transcribed portions of confidential testimony and any exhibits containing or referring to Designated Discovery Material.

11.    In addition, and without limiting the application or effect of the foregoing provisions, the producing party shall have twenty-one (21) days from the date upon which the testimony is given to designate said testimony or any portion thereof as Confidential Information. In the event that a party intends to use portions or excerpts of transcripts prior to the expiration of the twenty-one day period, such party shall give counsel for the deponent, or if the deponent is not represented by counsel, then the deponent, forty-eight (48) hours to designate said testimony or any portion thereof as Confidential Information.

12.    In the event that a producing party inadvertently fails to designate material as Confidential Information pursuant to this Stipulation and Protective Order at the time of production, the party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. The producing party, at its cost, shall also provide substitute copies of each item of Discovery Material, appropriately designated, to all parties who previously received the misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the producing party shall, within ten

5

(10) business days of receipt of the substitute copies, destroy or return to the producing party all previously-produced copies of such misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the producing party shall abide by the provisions of this Stipulation and Protective Order with respect to the use and disclosure of any information contained in the Discovery Material after receipt of the notice of misdesignation.

### Disclosure and Use of Designated Discovery Material

13.     All Designated Discovery Material shall be treated in accordance with the terms of this Stipulation and Protective Order and shall not be disclosed or communicated in any manner, directly or indirectly, to anyone other than a person qualified to receive such material under the terms and conditions set forth below at Paragraphs 14-24.

14.     Except as agreed in writing by all parties to this Stipulation and Protective Order, or by order of the Court, persons having knowledge of another producing party's Designated Discovery Material by virtue of their participation in the conduct of this Litigation shall use that Designated Discovery Material only in connection with the prosecution, defense and/or appeal of the Litigation, and shall neither use such Designated Discovery Material for any other purpose nor disclose such Designated Discovery Material to any person who is not permitted access to such Designated Discovery Material by this Stipulation and Protective Order.

15.     Unless otherwise agreed by the parties and confirmed in writing by the producing party, Discovery Material designated as Confidential Information shall not be disclosed directly or indirectly by the person receiving such material to persons other than (a) persons identified in the Discovery Material or through testimony as already having seen or received such Confidential Information (excluding persons whose prior access to such Confidential Information was unauthorized and was known by the disclosing party to be unauthorized), and

6

(b) the following persons, as to whom disclosure shall be limited to the extent reasonably

necessary for the prosecution, defense and/or appeal of the Litigation:

    (a) The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at hearing, trial, or deposition in the Litigation;

    (b) Counsel for the parties in the Litigation, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including without limitation copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense and/or appeal of the Litigation;

    (c) Experts and consultants retained or employed by counsel in connection with the prosecution, defense and/or appeal of the Litigation, including their secretarial and clerical employees who are assisting in the prosecution, defense and/or appeal of the Litigation, provided that the requirements of Paragraph 16 below have been met;

    (d) Any party currently named or later joined in the Litigation, including, in the case of parties other than individuals, their officers, members, directors, employees and agents, solely for the purpose of the prosecution, defense an/or appeal of the Litigation;[1]

    (e) Any person who may testify as a witness in the Litigation, either at a deposition, court proceeding or through a sworn written statement, for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 16 below have been met;

    (f) Any Court-appointed mediator or other individual acting pursuant to Court appointment or agreement of the parties; and

    (g) Other persons upon further Order of the Court or written consent of the producing party, provided that the requirements of Paragraph 16 below have been met.

    16.    The undersigned attorneys, as well as their clients, and any other personnel of

their law firm or litigation support services assisting them in the Litigation, agree to be bound by

---

[1] For purposes of this Stipulation and Protective Order, the persons described in paragraph 15(d) shall include officers and employees of George Weiss Associates and Weiss Multi-Strategy Advisors, including those identified in the parties' Initial Disclosures.

the terms of this Stipulation and Protective Order. Other than disclosure of Designated Discovery Material at a deposition, hearing, or trial, persons described in subparagraphs 15(c), (e) and (g) above, prior to being given access to any Designated Discovery Material, must be provided a copy of this Stipulation and Protective Order and sign the Acknowledgement attached as Exhibit A hereto, agreeing to be bound by the terms of this Stipulation and Protective Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Stipulation and Protective Order. The party providing the individual with Designated Discovery Material shall retain copies of all executed Acknowledgements. Said Acknowledgements will only be provided by the producing party as may be ordered by the Court. As parties to the Litigation (including the individuals identified in Paragraph 15(d)) agree to be bound by the terms of this Stipulation and Protective Order, they are not required to sign an Acknowledgement in order to receive Designated Discovery Material. Persons who receive Designated Discovery Material at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to Paragraph 15 above and who have not signed an Acknowledgement, may be shown and questioned about the Designated Discovery Material during the deposition, hearing, or trial but will not be entitled to take possession of the Designated Discovery Material that was disclosed.

17.    In the event a party desires to disclose or make available to any person, other than the qualified individuals listed in Paragraph 15 above, any Designated Discovery Material, the party desiring to disclose the material shall give not less than five (5) business days written notice by facsimile and electronic mail to the party claiming confidentiality. Such notice shall include:

> (a)    A precise and detailed description of the Designated Discovery Material to be disclosed;

8

      (b)     The reason such disclosure is necessary;

      (c)     The identity (including the name, address, occupation, employer and job title) of the person to whom such disclosure will be made.

The party claiming confidentiality shall respond to the notice by facsimile and electronic mail by 5:30 p.m. on the fifth business day after notice is given. In the event the party claiming confidentiality fails to respond to the notice within the prescribed time, the party desiring disclosure may make application to the Court by telephone conference for an order permitting disclosure. No disclosure may be made in the absence of Court order or consent of the party claiming confidentiality.

      18.     If any party desires to file, submit or reference Designated Discovery Material in Court, whether separately, with, or as attachments to or parts of pleadings or other court papers, and if the producing party's consent to the public filing of the material has not been obtained, the party shall file the Designated Discovery Material under seal. The Designated Discovery Material shall be filed in sealed envelopes marked with the caption of the Litigation, the legend "CONFIDENTIAL MATERIAL" and bearing a statement substantially in the following form:

RESTRICTED DOCUMENT

FILED UNDER SEAL AS RESTRICTED PURSUANT TO A PROTECTIVE ORDER DATED _____. THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

[Signature and Signature Block of Counsel for Filing Party]

The Clerk of the Court shall maintain Designated Discovery Material under seal in a separate portion of the Court files that is not available to the public until further Order of the Court.

      19.     Documents, including transcripts of depositions and other materials, that are submitted to the Court for in camera review shall likewise be maintained under seal. Access to

9

documents filed under seal or submitted for in camera review shall be limited to the District Judge and Magistrate Judge assigned to this Litigation, his or her staff, and the parties' attorneys.

20.    If or when Designated Discovery Material is ever used during any deposition, hearing or other proceeding, other than at trial, counsel for the parties shall take appropriate steps to preserve the confidential substance of the Designated Discovery Material, unless otherwise required by Court order.

21.    If a subpoena issued in any other action calls (or arguably calls) for production by the recipient of the subpoena (the "Recipient") of designated Discovery Material produced to Recipient in this Litigation, then the Recipient shall:

(a)    Be obligated, within three (3) business days of the Recipient's receipt of the subpoena, to provide notice of the subpoena, as well as a copy of the same, to the party which produced the Designated Discovery Material to the Recipient; and

(b)    The Recipient shall be permitted to respond in a timely manner to such subpoena without violation of this Stipulation and Protective Order if the foregoing notice is timely given and, within the period provided for response to such subpoena, the producing party has neither moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material nor made other arrangements with the person or entity issuing the subpoena. If the producing party has moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material, the Recipient will not disclose the Designated Discovery Material until such motion is adjudicated, unless otherwise required by order of a court of competent jurisdiction or other governmental entity authorized to compel production of information.

22.    If Designated Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the requesting party or any other party responsible for this disclosure shall immediately: (a) provide written notice to the producing party; (b) make every effort to retrieve such material; and (c) make every effort to prevent further disclosure by the person who was the recipient of such Designated Discovery Material. The written notice required by item (a) above shall include the names of all persons

10

who improperly received Designated Discovery Material and a description of the Designated Discovery Material disclosed to such persons. Any actions taken in furtherance of the requirements of this Paragraph shall be deemed not to constitute a waiver of the work-product doctrine or attorney-client privilege.

23. Prior to the Pre-Trial Conference in this action, the attorneys for the parties shall consult with each other and the Court to define appropriate measures to protect the confidentiality of Designated Discovery Material and other confidential material at trial. Should the parties be unable to agree on appropriate safeguards for preservation of confidentiality at trial, they shall submit the matter to the Court in writing not later than five (5) business days prior to the Pre-Trial Conference.

24. The restrictions against disclosure set forth in this Stipulation and Protective Order shall not apply to any producing party's use of its own Discovery Material or Designated Discovery Material.

## Resolution of Disputes

25. At any time, a party may challenge a designation of material as Confidential Information, or may object to the determination that any information deserves confidential treatment. In the event of such a challenge, the challenging party will have the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion. At such hearing, the party producing the Designated Discovery Material shall have the burden of establishing the need for confidential status. Pending such determination by the Court, material designated by the producing party as Confidential Information shall be treated in accordance with the producing party's designation pursuant to this Stipulation and Protective Order.

11

### Preservation of Rights

26.     This Stipulation and Protective Order is being entered without prejudice to the right of any party or person to move before the Court for relief from its terms or requirements, or to move before the Court for modification of any of its terms or requirements on a going-forward basis.

27.     Designating any documents or materials as Confidential Information pursuant hereto or complying with the terms of this Stipulation and Protective Order shall not prejudice in any way the rights of any parties to object to the production of documents or information they consider in good faith to not be subject to discovery, whether on the basis of privilege, relevance, undue burden, or any other ground, nor shall the disclosure of Designated Discovery Material by the producing party to a third party be deemed to destroy the confidential nature of the material under this Stipulation and Protective Order. Nothing in this Stipulation and Protective Order shall be construed to require the production of any information, document or thing that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

28.     Nothing in this Stipulation and Protective Order shall affect the admissibility or inadmissibility into evidence of any Discovery Material, including Designated Discovery Material. By entering into this Stipulation and Protective Order, no party hereto waives any privilege or right of confidentiality, whether by contract or otherwise, with respect to any third party to this Stipulation and Protective Order.

29.     Entry of this Stipulation and Protective Order shall not constitute an admission or acknowledgment that information designated by an adverse party is or should remain confidential.

12

## Inadvertent Production

30.     The inadvertent or unintentional disclosure by a producing party of Confidential Information without an appropriate designation shall not be deemed a waiver, in whole or in part, of the producing party's claim of confidentiality going forward, either as to the specific Confidential Information inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter.

31.     The inadvertent production of any privileged material by a producing party or a third party shall not be deemed to be a waiver or impairment of any claim of privilege, including but not limited to the attorney-client privilege or work product protection, concerning the produced material, any unproduced material or the subject matter of any produced or unproduced material. The party asserting inadvertent production (the "Asserting Party") must notify in writing the party receiving such information that documents inadvertently were produced. Any party receiving such inadvertently produced documents must return to the Asserting Party within seven (7) business days of receiving notice of such inadvertent production all documents, including all copies and extracts or summaries of such documents, which were inadvertently produced.

## Conclusion of the Litigation

32.     Within thirty (30) days of the conclusion of the Litigation (whether by order, judgment, settlement, or otherwise), including all appeals, applications for discretionary review, or expiration of the time period for appeals or discretionary review, all Designated Discovery Material not received in evidence shall be returned to the producing party, together with a written confirmation that, subject to the conditions of paragraph 33, no additional copies of the Designated Discovery Material remain in that party's possession or in the possession of anyone else to whom the party may have delivered such material. If the parties so stipulate, the

13

Designated Discovery Material may be destroyed instead of being returned, such destruction being verified within seven (7) days by written confirmation that, subject to the conditions of paragraph 33, no additional copies of the Designated Discovery Material remain in that party's possession or in the possession of anyone else to whom the party may have delivered such material. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the conclusion of the Litigation.

33.     For archival and professional liability purposes, the attorneys representing the parties may retain files of all material constituting attorney work product and one copy of all pleadings, deposition and hearing transcripts, exhibits, and written discovery responses that contain Designated Discovery Material. Each file folder of such files shall be stamped with the legend "Subject to Protective Order. Attorneys' Eyes Only."

34.     The terms of this Stipulation and Protective Order shall survive the termination of the Litigation, and the Court shall retain jurisdiction after its final disposition for the purpose of enforcing this Stipulation and Protective Order. The final disposition or settlement of the Litigation shall not release any person who has received Designated Discovery Material from the obligations imposed by this Stipulation and Protective Order.

35.     Each of the parties to this Stipulation and Protective Order retains the right to apply to the Court for appropriate relief permitting the party to disclose or use Designated Discovery Material for purposes of the Litigation and/or relieving the party from obligations hereunder by declaring specific information designated Confidential Material to be non-confidential.

14

**Stipulated as to form and entry:**

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

BINGHAM McCUTCHEN LLP

Attorneys for Defendant

By: _____
Jonathan L. Frank

Dated: __10 - 16 - 09__

Attorneys for Plaintiff

By: _____
Timothy J. Stephens

Dated: ___10 - 16 - 09___

SO ORDERED: 28 October 2009

_____
Hon. Victor Marrero, U.S.D.J.

15

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WEISS FAMILY ART (BACON) LLC,      Case No. 09-Civ-2598 (VM) (DFE)

 :

      Plaintiff,      "ECF Case" "Electronically Filed"

 :

 - against -

 :

CHRISTIE'S INC.,

 :

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


     I, _____ [name of recipient of Confidential Information]
certify under penalty of perjury that the following is true and correct:

    1.  I have read the provisions of the Stipulation and Protective Order agreed
to by the parties with respect to the use of Confidential Information, and I agree to be
bound by its terms. I agree to submit to the jurisdiction of the Court and understand that
the Court may sanction me if I violate the terms of the Order, including holding me in
contempt of court and punishing me accordingly.

    2.  I understand that I may not, and I agree that I will not, divulge to any other
person any Confidential Information disclosed to me pursuant to the Stipulation and
Protective Order.

    3.  I understand that I may not, and I agree that I will not, discuss
Confidential Information with any other person unless the attorney who disclosed the

Confidential Information to me has informed me that the other person is a qualified person under Paragraph 15 of the Stipulation and Protective Order.

4.    I understand that I may not, and agree that I will not, use Confidential Information except in the preparation for trial, trial or other Court hearings of this action.

5.    I will return all Confidential Information, and any copies, to the attorney from whom I received them when instructed to do so by that attorney, by the Court or at the conclusion of this case, which ever comes soonest.

Dated:_____

_____
[signature]

_____
[typed name]